CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CECIL DELEE ADDISON a/k/a<br>CEZIL DELEE ADDISON,<br><br>    Plaintiff,<br>v.<br><br>VOLVO TRUCKS NORTH<br>AMERICA and IVAN MITCHELL,<br><br>    Defendants. | Civil Action No.: 7:12-cv-314<br><br><u>Memorandum Opinion</u><br><br>Hon. James C. Turk<br>Senior United States District Judge |

This matter is before the Court on Defendant Ivan Mitchell's Motion to Dismiss, ECF No. 6, and Plaintiff Addison's Motion to Deny Dismissal. ECF No. 11. In his Complaint, Addison alleges that Defendants breached a union contract and discriminated against him when they did not select him for a promotion. Each party has filed a response in opposition to the opposing party's motion and the case is now ripe for disposition.[1] Because Addison has previously filed an almost identical lawsuit against these same Defendants, and that lawsuit was dismissed, the Court concludes that res judicata bars the present suit.[2] The Court thus grants Mitchell's Motion to Dismiss, denies Addison's Motion to Deny Dismissal, and dismisses claims against Volvo Trucks because it was not served within the 120-day requirement, or indeed, at all.

---

[1] The Court deems oral argument unnecessary for the resolution of the motions. Furthermore, the case is ripe for resolution in spite of Addison's requests to delay the proceedings to permit him to retain counsel. On January 16, 2013, Addison informed the Court that "Counsel will be retained with the next two to four weeks." ECF No. 12, Mem. Supp. M. to Deny Dismissal at 2. After the Court's inquiry of February 13, 2013 as to when he would retain counsel, see ECF No. 14 at 1, Addison responded that he would retain an attorney "within the next 30 to 45 days." ECF No. 15 at 1. Because the Motion to Dismiss was filed over three months ago, and the Court concludes that the present action is plainly barred by res judicata, the Court will address the motions without further delaying their consideration.

[2] Latin for "a thing adjudicated," res judicata bars "the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been—but was not—raised in the first suit." Black's Law Dictionary 1425 (9th ed. 2009).

## I. FACTS AND PROCEDURAL HISTORY

The Complaint makes the following allegations:

> On or about July 20, 2007, the defendant Volvo Trucks North America (Volvo Group) and/or its employee Ivan Mitchell willfully and intentionally breached the terms of the contract agreement that it had with the United Auto Workers Union for Salaried Employees. The defendants breached the contract by changing the job description requirements within the contract, without the approval of the Union, in order [sic] place a White male employee with lesser qualifications and seniority in a position in which the Plaintiff was the senior most qualified candidate. After complaining, the defendant(s) retaliated against the Plaintiff by terminating his employment on July 27, 2007.
> By reason of such unlawful breach of contract, which catastrophically derailed the career of the Plaintiff, the Plaintiff demands an award in the amount of $25,000,000.00. An additional $25,000,000.00 is demanded for the pain and suffering the Plaintiff and his family have endured, and continue to endure to this day, as a result of being unlawfully terminated from a lucrative position and being kept from an even more lucrative position of employment. As a result of the defendant(s) breach of contract and subsequent wrongful dismissal of the Plaintiff, the Plaintiff has been unable to gain stable and adequate employment. Consequently, the Plaintiff respectfully requests the court to award the Plaintiff additional damages, to be determined by the court, in order to punish the defendant(s) for such unlawful and egregious business practices.

ECF No. 1, Compl. at 1. These allegations bear a striking resemblance to those in a suit Addison filed in this district in 2009. In that complaint he alleged:

> Between June 1, 2007 and July 26, 2007, the defendant Volvo Trucks North America (Volvo Group) and/or its employees Ivan Mitchell, John Pennington and David Lilly willfully and systematically conspired to discriminated [sic] against the Plaintiff, with respect to the terms, conditions, and privileges of his employment, because of race and color. Such discriminatory acts consisted of the following:
> 1. Threats of intimidation and unwarranted disciplinary action against the Plaintiff in the form of a "Last Chance" letter to prevent and discourage the Plaintiff from applying for a position of promotion, in which the Plaintiff was the senior most qualified candidate.
> 2. Blatant discrimination against the Plaintiff and disregard for the language of the UAW Contract Agreement, the defendant(s) changed the language of the posted job description in order [to] put an unqualified White male in the position in which the Plaintiff was the senior most qualified candidate.
> 3. After Plaintiff complained that he felt that he was not awarded and promoted into the position in which he had applied and of which he was the senior most

> qualified, because he was Black, the defendant(s) retaliated against the Plaintiff by conjuring up a reason to terminate his employment.
>
> By reason of such unlawful treatment, the Plaintiff demands an award in the amount of $25,000,000.00 for discrimination and violation his Civil Rights. An additional $25,000,000,00 for the pain and suffering the Plaintiff and his family have endured after being wrongfully and unlawfully terminated from his lucrative position of employment at a time when the Nation was entering into its worst economic downturn since the great depression, for being retaliated against and having suffered serious damage to his reputation and credibility, after being wrongfully labeled as a trouble maker and insubordinate employee, and finally $50,000,000.00 in damages to punish the Defendant (s) for such unlawful and egregious discriminatory practices against the Plaintiff and others, which have gone unpunished for many, many years.

ECF No. 7-1, Ex. 1 at 2-3; see also Addison v. Volvo Trucks North Am. et al., No. 7:09-cv-00088, ECF No. 1 at *2-3 (W.D. Va. March 19, 2009) ("First Suit"). Addison filed his First Suit in March 2009 (First Suit, ECF No. 1), submitted a response to the court in connection with a motion on August 27, 2009 (First Suit, ECF No. 19), and then did not communicate with either the court or the defendants for over five months. Defendants attempted to schedule Addison's deposition with him, but after their unsuccessful attempts, they served a notice of deposition on October 21 for a December 8 deposition. After Addison failed to attend the deposition,[3] the defendants moved to dismiss the case on December 13, 2009. First Suit, ECF No. 22. The magistrate judge issued an order on January 13, 2010 for Addison to show cause why the case should not be dismissed, directing him to respond to the order within 20 days. First Suit, ECF No. 24.

When Addison did not respond to the order to show cause, Judge Wilson dismissed the case on February 3. ECF No. 25. Judge Wilson did not specify whether the case was dismissed with or without prejudice. Just nine days later on February 12—contacting defendants or the court for the first time in over five months—Addison filed an "Appeal of Case Dismissal and

---

[3] Addison later claimed that he was not aware the defendants could force him to travel to Virginia to be deposed, see First Suit, ECF No. 28 at 1, intimating that he was aware of the scheduled deposition.

Motion to Reinstate Case." First Suit, ECF No. 26. In that filing, Addison explained that his address had changed and he claimed not to have received the order to show cause. Id. He did not deny having received notice of the scheduled deposition and the motion to dismiss. Id. There is no indication of undelivered or returned mail in the docket record.

Addison's filing was construed as a Notice of Appeal (First Suit, ECF No. 27) and the Fourth Circuit affirmed (ECF No. 35) and denied Addison's petition for rehearing as untimely. ECF No. 38.

## II. LEGAL STANDARD

The standard on a motion to dismiss is familiar: to survive a motion to dismiss, the plaintiff's allegations must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). "[A] motion to dismiss is the proper vehicle by which a defendant may assert that the plaintiff's claim is [barred by] res judicata" and "a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 n. 1 (4th Cir. 2000).

## III. ANALYSIS

### 1. Res Judicata

"Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Id. at 524. The Supreme Court has recognized that res judicata serves several important interests: "reliev[ing] parties of the cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent

decisions, encourag[ing] reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980). Federal res judicata principles apply because Addison brought the First Suit against Defendants in federal court. Andrews, 201 F.3d at 524. To demonstrate that a second suit is barred under the federal res judicata doctrine, "a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Id.

Because all three elements are present in this case, the Court concludes that the present action is barred by res judicata. First, even though the First Suit was dismissed for failure to obey a court order, Rule 41(b) of the Federal Rules of Civil Procedure is clear that, unless the court states otherwise, an involuntary dismissal—with some exceptions not applicable here—"operates as an adjudication upon the merits." Judge Wilson's dismissal order did not state whether the suit was dismissed with or without prejudice; therefore, the presumption in Rule 41(b) applies and the Court concludes that the dismissal is properly considered as one "upon the merits."

Second, the causes of action are essentially identical in both complaints. Res judicata acts as a bar not only to the specific legal claims that were actually raised in the first case, but also to any legal claims that "could have been raised" based on the same transaction or occurrence. Allen, 449 U.S. at 94. The language quoted above from each complaint is virtually identical. Both claim that in June and July of 2007: (1) Defendants allegedly changed the job description for a vacant position, a position for which Addison was the senior most qualified candidate; (2) a lesser qualified white male was hired for the position instead; and (3) Addison was terminated in retaliation for his protests about the hiring. While it is true that the present Complaint more explicitly raises a breach of contract claim than the complaint in the First Suit, Addison did reference the UAW Contract in the first complaint when he alleged "disregard for the language

5

of the UAW Contract Agreement." First Suit, ECF No. 1, Compl. at 1. In any event, even if Addison did not raise a breach of contract claim in the First Suit, he could have raised it and res judicata thus bars it from re-litigation. See id. The Court thus finds the second element satisfied.

Third, the identities of the parties in the suits are the same. Addison sued more defendants in the First Suit, but both Volvo Trucks and Ivan Mitchell have been defendants in both suits. The Court thus finds the third element satisfied.

Although Addison characterizes the First Suit as being "dismissed on a technicality," ECF No. 12, Mem. Supp. M. to Deny Dismissal at 1, this Court has no authority to revisit that action. Judge Wilson did not reconsider his dismissal order and the Fourth Circuit affirmed his decision. Case law requires that Ivan Mitchell's Motion to Dismiss be granted. The Court thus dismisses with prejudice Addison's claim against Mitchell.

### 2. Rule 4(m) and Service on Volvo Trucks

Rule 4(m) of the Federal Rules of Civil Procedure dictates that defendants must be served "within 120 days after the complaint is filed." Addison filed his complaint on July 16, 2012 and served Ivan Mitchell on November 13, 2012, exactly 120 days after the Complaint was filed. See ECF Nos. 1, 5. The Court informed Addison in a letter dated December 28, 2012, that Volvo Trucks still had not been served within the definition of Rule 4, but allowed him an additional fourteen days to serve Volvo Trucks. ECF No. 10 at 1-2. Addison responded, stating that by serving Ivan Mitchell at his workplace, his employer and co-defendant, Volvo Trucks, also knew about the suit and was thus "served." See ECF No. 12, Mem. Supp. M. to Deny Dismissal at 1. The Court corrected this misunderstanding and again ordered Addison to serve Volvo Trucks pursuant to Rule 4 with an Order dated February 13, 2013. See ECF No. 14. Addison still has not

served Volvo Trucks, despite assuring the Court that he would serve Volvo by February 27, 2013. See ECF No. 15, Pl. Response to Court at 1.

Rule 4(m) requires that the Court dismiss an action if a defendant is not served within 120 days.[4] Despite numerous opportunities and orders to do so, Addison has not properly served Volvo Trucks. Therefore, all claims against Volvo Trucks are dismissed without prejudice.

## IV. CONCLUSION

Because Addison had previously filed a nearly-identical complaint and that suit was dismissed on the merits, res judicata bars his present attempt to re-litigate the same dispute. The Court grants Ivan Mitchell's Motion to Dismiss and denies Addison's Motion to Deny Dismissal. Moreover, because Addison also did not serve Volvo Trucks within the 120-day deadline set forth by Rule 4(m) or pursuant to the two extensions the Court granted, claims against Volvo Trucks must be dismissed without prejudice.

An appropriate Order shall issue this day.

ENTER: This 15th day of March, 2013.

_____
Hon. James C. Turk
Senior United States District Judge

---

[4] Although Rule 4(m) requires that a failure to properly serve a defendant results in a dismissal without prejudice, the same res judicata analysis conducted above applies with equal force to Volvo Trucks. Even if Addison attempted to file another lawsuit and properly serve Volvo Trucks, any claims against Volvo Trucks would be dismissed on res judicata grounds.